UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES CLIFFORD CANADIATE,

    Plaintiff,

v.                                              Case No: 8:15-mc-12-T-30TGW

DANA M. HERCE-FULGUEIRA,

    Defendant.
_____/

# ORDER

THIS CAUSE comes before the Court sua sponte upon review of the file. Plaintiff, who appears to be a pretrial detainee at the Hillsborough County Jail in Tampa, Florida,[1] filed what the Court construes as a civil rights complaint under 42 U.S.C. § 1983, alleging claims of the ineffective-assistance-of-counsel variety against the public defender assigned to his state criminal proceeding.[2] (Doc. 1). By his construed complaint, Plaintiff does not indicate what relief he seeks from this Court.

---

[1]The Florida Department of Corrections website does not reflect that Plaintiff is currently incarcerated on any Florida state convictions. However, the Court determines that Plaintiff is a pretrial detainee based upon the contents of his construed complaint. Also, Plaintiff's address indicates that he is currently housed at the Hillsborough County Jail, and the Hillsborough County Sheriff's Office online arrest records reflect that Plaintiff is being held in the Hillsborough County Jail on several pending charges.

[2]Because Plaintiff does not challenge his custody in the notice, the Court did not construe the notice as a habeas petition pursuant to 28 U.S.C. § 2241. *See Stacey v. Warden*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) ("Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered.").

Under the Prisoner Litigation Reform Act, 28 U.S.C. § 1915A, a "court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." § 1915A(a). The Court may "dismiss the complaint or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted." § 1915A(b)(1). "A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief." *Pearson v. Myles*, 189 F. App'x 865, 866 (11th Cir. 2006) (citing *Brower v. Cnty. of Inyo*, 489 U.S. 593, 598 (1989)). Plaintiff has failed to state a claim that would entitle him to relief for the reasons that follow.

In any action brought pursuant to § 1983, the plaintiff must establish two essential elements:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

*Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996) (citations omitted). Here, Plaintiff has filed an action against the public defender assigned to his case complaining that he received ineffective assistance of counsel, i.e., the public defender improperly waived his right to a speedy trial and has refused to investigate his case. (Doc. 1). But Plaintiff's claim for these alleged deficiencies is not cognizable under § 1983.

A public defender, "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," is not "acting under color of state law." *Polk Cnty. v. Dodson*, 454 U.S. 312, 324 (1981); *see also Pearson*, 189 F. App'x at 866. Because Plaintiff's complaints relate to Defendant's functions as counsel, he has failed to satisfy the first element in establishing a claim under § 1983. In other words, Plaintiff has failed to show that the conduct complained of was committed by a person acting under the color of state law. Accordingly, Plaintiff has failed to state a claim for relief under § 1983.

To the extent Plaintiff's complaint is intended as a challenge to the state court criminal proceedings that appear to be ongoing, the Court is precluded from interfering under the *Younger* abstention doctrine, which provides that a federal court may not enjoin a pending state criminal proceeding where the alleged violation of the plaintiff's federal rights can be addressed by the state court. *See Younger v. Harris*, 401 U.S. 37, 41 (1971).[3] Thus, until Plaintiff's state criminal proceeding has concluded and he has his exhausted his state court remedies, Plaintiff must utilize state court avenues to address his complaints.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's construed civil rights complaint (Doc. 1) is DISMISSED as frivolous.

---

[3] Generally, federal courts abstain from interfering with state court proceedings absent a showing of (1) evidence of bad faith prosecution, (2) irreparable injury, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 45, 53-54). No such allegations can be gleaned from Plaintiff's construed complaint.

2. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 9th day of February, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

S:\Even\2015\15-mc-12 Canadiate v. Herce-Fulgueira.docx